**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JERRY DEWAYNE SAVAGE,
ADC #151566                                                                          PETITIONER

v.                                              5:15CV00282-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

In January 2012, an Ashley County, Arkansas, jury convicted Petitioner Jerry Dewayne Savage of three counts of sexual abuse and sentenced him to three consecutive twenty-year terms of imprisonment. (Doc. No. 13-2.) He appealed the conviction, and the Arkansas Court of Appeals affirmed and briefly described the underlying facts as follows:

> [Petitioner] was convicted under Arkansas Code Annotated section 5-14-125(a)(3) (Supp. 2001), which provided that a person commits sexual assault in the second degree if the person, being eighteen years of age or older, engages in sexual contact with the sex organs of another person who is less than fourteen years of age and not the person's spouse.  The amended information alleged that the assault against K.S. occurred between 2001 and 2002 and that the assaults against S.S. and R.B. occurred between 2002 and 2003. The jury trial was held on January 4, 2012. K.S. was eighteen years old at trial and testified that [Petitioner] assaulted her when she was seven or eight years old.  Seventeen-year-old S.S. testified that [Petitioner] assaulted her when she was between the ages of six and eight.  R.B. was fifteen years old and testified that she was assaulted when she was either five or six years old.

*Savage v. State*, 2013 Ark. App. 133, *1, *2 (2013).

Mr. Savage next filed a Rule 37 petition, arguing his counsel was ineffective for (1) failing to properly investigate and call witnesses to testify; (2) stating to the court she would have Mr. Savage undergo a private competency examination but not following through with the exam; (3)

failing to file a motion for a change of venue; (4) allowing Petitioner to testify; (5) failing to file a

motion to dismiss based on the statute of limitations having run; (6) failing to investigate and

effectively cross examine the state's witnesses; and (7) failing to investigate, complete the record,

address jurisdiction and the statue of limitations on appeal.  (Doc. No. 1.)  Mr. Savage also submits

he was not competent to stand trial, the prosecutor committed a Brady violation, and he was denied

due process because the statute of limitations had run.  *Id.*  The Ashley County Circuit Court denied

relief on January 22, 2014, (*Id.*) and the Arkansas Supreme Court affirmed on May 14, 2015.  (Doc.

No. 13-8.)  Accordingly, Mr. Savage filed the current Petition on September 4, 2015.

## II.    ANALYSIS

After careful review of the Petition and Response, I conclude the Petition is without merit

and should be dismissed.  In his Petition, Mr. Savage raised the same claims addressed by the

Arkansas Supreme Court in *Savage v. State*, 462 S.W. 3d 326 (2015).  The Arkansas Supreme Court

found the trial court did not err in denying Mr. Savage postconviction relief.

To grant Mr. Savage relief, I would have to find the Arkansas Supreme Court's decision was

contrary to or an unreasonable application of federal law.   Federal habeas courts, under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and

deferential review of underlying state court decisions."  *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir.

2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review of

underlying state court decisions are limited because federal courts may only grant habeas relief if the

claim was adjudicated on the merits in the state court proceeding and the state court's decision:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable
>         application of, clearly established Federal law, as determined by the Supreme
>         Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the
>         facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

After reviewing the Arkansas Supreme Court's opinion, I find it is not contrary to or an unreasonable application of an established federal law. Furthermore, the opinion was not based on an unreasonable determination of the facts. The Arkansas Supreme Court addressed the merits of Mr. Savage's claims and found that they failed.

Mr. Savage argues his due process rights were violated when (1) the prosecutor committed a Brady violation; (2) the trial court ruled he was competent to stand trial; and (3) he was tried on charges that exceeded the statute of limitations. (Doc. No. 1.) In addressing these arguments, Respondent argues Mr. Savage's due process claims are procedurally defaulted because he failed to raise those claims at trial or on direct appeal. (Doc. No. 13.) I find, however, the Arkansas Supreme Court also ruled on these claims. Although the Arkansas Supreme Court stated these issues "should be raised at trial or on direct appeal," it also opined:

4

[Petitioner] failed to establish with factual substantiation that his claims of prosecutorial misconduct or due-process violations were sufficient to void the judgment in his case. As noted, the facts that [petitioner] alleged support a violation of the statute of limitations are not sufficient to support a finding of a report of the crimes to a law enforcement agency.[1]  The testimony that [petitioner] alleged to be perjury was, as the trial court correctly found, not perjury but inconsistencies in the testimony that [petitioner] admits trial counsel argued in closing should weigh against credibility of the witnesses. [Petitioner] made no more than conclusory allegations that the previous statements of the witnesses were withheld from the defense.  As for [petitioner]'s final claim that it was error for the trial court to have found him competent, as with his similar allegations in previous claims, he failed to allege facts that were sufficient to support his claim that he was actually incompetent. The trial court was sufficiently concerned with the issue that it ordered a current mental evaluation of [petitioner] to be performed, and that report found [petitioner] competent to proceed. As noted, [petitioner]'s conduct in the proceedings also appeared to be consistent with the findings in the report. The trial court's findings were not clearly erroneous, and it did not err in denying postconviction relief summarily.

*Savage v. State*, 462 S.W.3d 326, 335 (2015).   Therefore, the Court's opinion should receive deference regarding the due process claims as well as the ineffective assistance of counsel claims. I find this ruling is not contrary to or an unreasonable application of federal law.  The Arkansas Supreme Court will be given great deference, and therefore, the relief Mr. Savage seeks cannot be granted.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr.

---

[1]A victim's mother, Tonya Burnside, testified she had suspicions of Mr. Savage abusing her daughter, and Mr. Savage argues because Ms. Burnside was an employee with the Ashley County Sheriff's Department, her suspicion somehow equated notifying law enforcement of the crime for the purpose of running the statute of limitations. As the Arkansas Supreme Court correctly found, it does not.

Savage's claims do not rise to a substantial showing of the denial of a constitutional right. Therefore,

a certificate of appealability should not be entered.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the

requested relief be DENIED; and

2.    A certificate of appealability should not be granted.

DATED this 15th day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE